UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA COTTLE, on behalf of herself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) MONITECH, INC., ) ) Defendant. ) ) | Civil Action No.: **Class Action Complaint** **Jury Trial Demanded** |

## Nature of the Action

1. Jessica Cottle ("Plaintiff") brings this class action against Monitech, Inc. ("Defendant") under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M"), on behalf of herself and other similarly situated lessees of Defendant's ignition interlock devices.

2. Defendant's lease agreements with Plaintiff and all putative class members are defective for the same exact reasons: they do not provide the segregated disclosures required by the CLA and Regulation M in a manner substantially similar to that prescribed by the Board of Governors of the Federal Reserve System ("Board")—the government agency charged with oversight of the Consumer Leasing Act until the creation of the Consumer Financial Protection Bureau in 2011.

## Jurisdiction

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1667d(c) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff resides in this district, the events giving rise to Plaintiff's action occurred in this district, and where Defendant transacts business in this district.

**Parties**

5. Plaintiff is a natural person who at all relevant times resided in New Hanover County, North Carolina.

6. Plaintiff is a "lessee" as defined under the CLA, 15 U.S.C. § 1667(2).

7. Defendant is a limited liability company headquartered in Morrisville, North Carolina.

8. Defendant offers "a fully integrated ignition interlock device program including manufacturing, installation, service and comprehensive monitoring and reporting."[1]

9. Defendant engineers, manufactures, and installs ignition interlock devices, which "prevent a vehicle from operating if [one's] blood alcohol content exceeds the legal limit established by the state."[2]

10. Defendant leases its ignition interlock devices to drivers throughout the state of North Carolina through use of "consumer leases" as defined under the CLA, 15 U.S.C. § 1667(1).

11. Defendant is a "lessor" as defined by 15 U.S.C. § 1667(3).

**Factual Allegations**

12. On or about July 23, 2016, Defendant installed one of its ignition interlock devices in Plaintiff's vehicle, a 1994 Toyota 4Runner.

---

[1] *See* https://www.monitechnc.com/about-monitech-ignition-interlock/ (last visited July 3, 2017).

[2] *See* https://www.monitechnc.com/ignition-interlock-device/ (last visited July 3, 2017).

13.  That same day, Plaintiff signed an Install Verification and Lease Agreement ("Lease Agreement") with Defendant in which she is the lessee, Defendant is the lessor, and Defendant's ignition interlock device is the personal property subject to the lease.

14.  A copy of the parties' Lease Agreement is attached as Exhibit A.

15.  Plaintiff leased the ignition interlock device for personal, family or household purposes—namely, for use in her personal vehicle.

16.  The initial lease term was 12 months, for a total obligation of $900.

17.  The CLA and Regulation M require that disclosures in a consumer lease be made in a clear and conspicuous manner.

18.  Additionally, certain disclosures described in Regulation M must be made in a "segregated" manner:

> The following disclosures shall be segregated from other information and shall contain only directly related information: §§ 1013.4(b) through (f), (g)(2), (h)(3), (i)(1), (j), and (m)(1). The headings, content, and format for the disclosures referred to in this paragraph (a)(2) shall be provided in a manner substantially similar to the applicable model form in appendix A of this part.

15 C.F.R. § 1013.3(a)(2).

19.  To this end, Regulation M at § 1013.4 mandates that the following disclosures be "segregated from other information" provided to lessees like Plaintiff:

> (b) Amount due at lease signing or delivery. The total amount to be paid prior to or at consummation or by delivery, if delivery occurs after consummation, using the term "amount due at lease signing or delivery." The lessor shall itemize each component by type and amount, including any refundable security deposit, advance monthly or other periodic payment, and capitalized cost reduction; and in motor vehicle leases, shall itemize how the amount due will be paid, by type and amount, including any net trade-in allowance, rebates, noncash credits, and cash payments in a format substantially similar to the model forms in appendix A of this part.
>
> (c) Payment schedule and total amount of periodic payments. The number, amount, and due dates or periods of payments scheduled under the lease, and the total amount of the periodic payments.

3

(d) Other charges. The total amount of other charges payable to the lessor, itemized by type and amount, that are not included in the periodic payments. Such charges include the amount of any liability the lease imposes upon the lessee at the end of the lease term; the potential difference between the residual and realized values referred to in paragraph (k) of this section is excluded.

(e) Total of payments. The total of payments, with a description such as "the amount you will have paid by the end of the lease." This amount is the sum of the amount due at lease signing (less any refundable amounts), the total amount of periodic payments (less any portion of the periodic payment paid at lease signing), and other charges under paragraphs (b), (c), and (d) of this section. In an open-end lease, a description such as "you will owe an additional amount if the actual value of the vehicle is less than the residual value" shall accompany the disclosure.

* * *

(i) Purchase option. A statement of whether or not the lessee has the option to purchase the leased property, and:

> (1) End of lease term. If at the end of the lease term, the purchase price; and

* * *

(j) Statement referencing nonsegregated disclosures. A statement that the lessee should refer to the lease documents for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

* * *

(m) Liability at end of lease term based on residual value. If the lessee is liable at the end of the lease term for the difference between the residual value of the leased property and its realized value:

> (1) Rent and other charges. The rent and other charges, paid by the lessee and required by the lessor as an incident to the lease transaction, with a description such as "the total amount of rent and other charges imposed in connection with your lease [state the amount]."[3]

---

[3] Regulation M at § 1013.4 additionally requires certain other segregated disclosures not reprinted herein concerning lease terms for motor vehicle leases, which are not at issue here.

20. Also important, per 12 C.F.R. §§ 1013.3 and 1013.4, these segregated disclosures must "be provided in a manner substantially similar to the applicable model form in appendix A" of Regulation M.

21. In other words, the requisite segregated disclosures are required to be given in a manner mirroring, or which is at least "substantially similar to," the model form attached to the implementing regulations, and attached here as Exhibit B.

22. These requirements for segregated disclosures are rooted in the Board's oversight of Regulation M, and, in particular, the Board's review of the implementing regulations in 1996 to ensure continued and adequate protection of consumers like Plaintiff.

23. Among the Board's observations in 1996: "The major revision to this section [of Regulation M] . . . is the requirement to segregate certain disclosures from other information. Clear and conspicuous lease disclosures must be given prior to consummation of a lease on a dated written statement that identifies the lessor and lessee." 61 FR 52246-01, 52249 (Oct. 7, 1996).

24. The Board amended paragraph 3(a)(1) of Regulation M [12 C.F.R. § 1013.3(a)(1)] as follows:

> Former §§ 213.4(a)(1) and 4(a)(2) required that all disclosures be made together on a separate statement or in the lease contract "above the place for the lessee's signature." The Board has deleted this requirement along with the meaningful sequence, same-page, and type-size disclosure requirements, replacing them with the requirement that disclosures be segregated. Most commenters generally supported the proposed segregation requirement, although some commenters opposed the deletion of the other requirements. They believed that the signature requirement ensured that lessors would give disclosures before the consumer becomes obligated on the lease and discouraged lessors from putting important information on the back of a lease document. The Board believes that a segregation requirement and the clear and conspicuous standard provide the same level of protection as the previous rules.
>
> The segregated disclosures and other CLA disclosures must be given to a consumer at the same time. Lessors must continue to ensure that the disclosures are given to lessees before the lessee becomes obligated on the lease transaction. For example, by placing disclosures that are included in the lease documents above the lessee's

5

signature, or by including instructions alerting a lessee to read the disclosures prior to signing the lease.

Nonsegregated disclosures need not all be on the same page, but should be presented in a way that does not obscure the relationship of the terms to each other.

*Id*.

25. To that end, the Board also amended paragraph 3(a)(2) [12 C.F.R. § 1013.3(a)(2)] as follows:

Most commenters—representing both the industry and consumer groups—generally supported some form of segregation of leasing disclosures. **Many commenters believed that consumers would be more likely to read and understand the disclosures if key items were segregated from other disclosures and contract terms.** Pursuant to its authority under section 105(a) of the TILA, **the Board has adopted the requirement that certain consumer leasing disclosures be segregated from other required disclosures and from general contract terms to assure clear, conspicuous, and meaningful disclosure of lease terms.**

Some commenters, including trade groups that represent a large portion of the motor vehicle leasing industry, suggested that the more important disclosures be further highlighted in a manner similar to the Board's Regulation Z. **The Board believes that the segregation requirement and the requirement that disclosures be in a form substantially similar to the applicable model form in appendix A adequately focuses the consumer's attention on key information.**

Lessors may provide the segregated disclosures on a separate document or may include them in their lease contracts, apart from other information. The general content, format, and headings for these disclosures should be substantially similar to those contained in the model forms in appendix A. Lessors may continue to provide the remaining disclosures required by Regulation M and the CLA in a nonsegregated format.

The model forms in Appendix A for open-end leases, closed-end leases, and furniture leases have been revised.

*Id*. (emphasis added).

26. Here, in connection with Plaintiff's July 2016 Lease Agreement with Defendant, Defendant did not provide Plaintiff any separate documentation containing the mandatory segregated disclosures required by 12 C.F.R. § 1013.3(a)(2), or otherwise segregate the necessary disclosures within the Lease Agreement itself in a manner "substantially similar to" the applicable model found

6

at appendix A to Regulation M, *see* Ex. B, to ensure that such disclosures are as clear and conspicuous as the Board intended.

27. For example, the Lease Agreement contains no segregated box or partition to clearly and conspicuously disclose, *separate and apart from the remainder of the lease terms*, the information required to be so disclosed pursuant to 12 C.F.R. § 1013.3(a)(2). *Compare* Ex. A at 2 *with* Ex. B at 1.

28. Defendant's closest attempt at providing any segregated disclosures may be found at page 2 of the Lease Agreement under the heading "LEASE INFORMATION." *See* Ex. A at 2.

29. However, this ordinary subsection of the agreement is in no way *segregated* from the remainder of the Lease Agreement to "focus[] the consumer's attention on key information," as the Board intended.

30. Further, it fails to include many of the disclosures required by 12 C.F.R. § 1013.3(a)(2) and does not otherwise present information in a manner "substantially similar to" the model form, as required under the law. *Compare* Ex. A at 2 *with* Ex. B at 1.

31. Moreover, the "LEASE INFORMATION" subsection provides no statement concerning the availability of a purchase option at the end of the lease, as required by 12 C.F.R. § 1013.4(i). *See* Ex. A at 2.

32. Nor does this subsection contain a statement referencing non-segregated disclosures, or otherwise refer to the remainder of the Lease Agreement for additional information concerning early termination, warranties, late charges, etc., as required by 12 C.F.R. § 1013.4(j). *See* Ex. A at 2.

33. These omissions are important because, after signing the Lease Agreement, Plaintiff was confused as to certain of its provisions, including the total amount of money owed under the lease, whether other charges may apply beyond her periodic payments (such as for early termination

7

Case 7:17-cv-00137-BO   Document 1   Filed 07/03/17   Page 7 of 11

of the lease), and whether she had the option to purchase the leased property at the conclusion of the lease (and if so, for what price).

34. Confusion such as Plaintiff's here was exactly the type of harm the Board sought to address in implementing, and then amending, Regulation M.

## Class Action Allegations

35. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals:

> All persons throughout the United States (1) to whom Monitech, Inc. leased an ignition interlock device for personal, family, or household purposes, (2) with an initial lease term greater than four months, (3) for which the lease is currently in force or was terminated on or after July 3, 2016, and (4) and in connection with which Monitech, Inc. failed to provide, prior to the consummation of the lease, segregated written disclosures informing the lessee of (a) the amount due at lease signing or delivery; (b) the payment schedule and total amount of periodic payments; (c) the total amount of other charges payable to the lessor, itemized by type and amount, which are not included in the periodic payments; (d) the total of payments; (e) a statement of whether or not the lessee has the option to purchase the leased property, and, if at the end of the lease term, the applicable purchase price; (f) a statement referencing other requisite, non-segregated disclosures; or (g) if the lessee is liable at the end of the lease term for the difference between the residual value of the leased property and its realized value, a statement of the rent and other charges paid by the lessee and required by the lessor as an incident to the lease transaction.

36. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

38. The exact number of members of the class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

39. The proposed class is ascertainable because it is defined by reference to objective criteria.

40. In addition, and upon information and belief, the applicable lease agreements of all members of the class can be identified in business records maintained by Defendant.

41. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

42. Like all members of the class, Plaintiff entered into a lease agreement with Defendant, for use of an ignition interlock device, without being provided mandatory segregated disclosures prior to the consummation of the lease, as required by 15 C.F.R. §§ 1013.3 and 1013.4.

43. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

45. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

46. There will be little difficulty in the management of this action as a class action.

47. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

48. Among the issues of law and fact common to the class are:

a. Defendant's violations of the CLA as alleged herein;

b. Defendant's use of a form Install Verification and Lease Agreement;

c. Defendant's practice of providing an Install Verification and Lease Agreement without segregated disclosures as required by the CLA; and

d. the availability of statutory damages.

49. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.4**

50. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 49.

51. Defendant violated 15 U.S.C. § 1667a and 12 C.F.R. § 1013.4 by failing to provide segregated disclosures, as described above, in the form and manner required by the CLA and Regulation M, prior to the consummation of Plaintiff's lease agreement with Defendant.

52. As a result of Defendant's violations of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.4, Plaintiff and the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 15 U.S.C. § 1667a and 12 C.F.R. § 1013.4 for its failure to provide Plaintiff or members of the class requisite segregated disclosures concerning their leases of Defendant's ignition interlock devices;

(c) Awarding Plaintiff and members of the class actual damages pursuant to 15 U.S.C. § 1667d(a) and 15 U.S.C. § 1640(a)(1), and/or statutory damages pursuant to 15 U.S.C. § 1667d(a) and 15 U.S.C. § 1640(a)(2)(B);

(d) Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1640(a)(3) and Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: July 3, 2017

Respectfully submitted,

/s/ Wesley S. White
Wesley S. White
Law Offices of Wesley S. White
N.C. Bar No.: 4391
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
(702) 824-1695
wes@weswhitelaw.com

*Local Civil Rule 83.1 Counsel for Plaintiff*

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
jjohnson@gdrlawfirm.com

* To file notice of special attorney appearance

*Counsel for Plaintiff and the proposed class*