IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-137-BO

JESSICA COTTLE, on behalf of herself )
and others similarly situated, )
                                )
                    Plaintiff,  )
                                )
v.                              )          O R D E R
                                )
MONITECH, INC.,                 )
                                )
                    Defendant.  )

This cause comes before the Court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is granted and this matter is dismissed.

## BACKGROUND

Defendant is a maker and installer of ignition interlock devices, a device which prevents a vehicle from operating if the driver's blood alcohol exceeds the legal limit established by the state. In North Carolina, defendant leases its ignition interlock devices to individual drivers for installation on their personal vehicles. On July 23, 2016, defendant installed one of its ignition interlock devices in plaintiff's car. The same day, plaintiff signed an Install Verification and Lease Agreement naming plaintiff as the lessee and defendant as the lessor. [DE 1], Cmp. Ex. A. The lease provided that the initial lease term was for twelve months for a total obligation of $900. *Id.* The lease further provided that six payments of $150 would be required (paid every

sixty days), and that the first sixty-day payment of $150 was due on the day the lease was signed. *Id.*

Plaintiff filed this action on July 3, 2017, as a putative class action against defendant for failure to comply with the requirements of the Consumer Leasing Act of 1976 (CLA). 15 U.S.C. § 1667, *et seq.* In 1968, the Truth in Lending Act (TILA) was enacted to

> assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

15 U.S.C. § 1601(a). The CLA was enacted as an amendment to the TILA to apply "truth-in-lending protections to commercial leases." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 55 (2004) (citing 90 Stat. 257). Accordingly, the CLA

> assure[s] a meaningful disclosure of the terms of leases of personal property for personal, family, or household purposes so as to enable the lessee to compare more readily the various lease terms available to him, limit balloon payments in consumer leasing, enable comparison of lease terms with credit terms where appropriate, and to assure meaningful and accurate disclosures of lease terms in advertisements.

15 U.S.C. § 1601(b).

In her complaint, plaintiff alleges that the terms of defendant's ignition interlock device lease failed to comply with the CLA and its implementing regulations, specifically Regulation M. 12 C.F.R. § 1013.1 *et seq.* Regulation M requires that disclosures in a lease be made in a clear, conspicuous, and, for some specific disclosures, segregated manner. Plaintiff further alleges that the defendant's lease is not "substantially similar" to a model form provided in the regulations as is required. Plaintiff brings her claims on behalf of herself and a putative class of persons consisting of, *inter alia*, all persons to whom defendant has leased an ignition interlock device for personal, family, or household purposes with an initial lease term of more than four months and for which the lease is currently in force or was terminated on or after July 3, 2016.

DISCUSSION

Defendant has moved to dismiss plaintiff's complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

As its concerns the Court's subject matter jurisdiction, the Court considers first defendant's argument that plaintiff lacks Article III standing to bring her claims. U.S. Const. art. III, § 2. The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In order to establish Article III standing, a plaintiff must show "(1) it has suffered an injury in fact; (2) there exists a causal connection between the injury and conduct complained of; and (3) a favorable judicial ruling will likely redress the injury." *Virginia ex rel. Cuccinelli v. Sebelius*, 656 F.3d 253, 268 (4th Cir. 2011) (internal quotation omitted). To demonstrate that she has suffered an injury in fact, plaintiff must demonstrate that a legally protected interest has been invaded, and that the invasion is both concrete and particularized as well as actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

In her complaint, plaintiff alleges generally that her lease agreement with defendant failed to comply with Regulation M, failed to provide separate documentation with segregated disclosures, and that defendant failed to provide certain required disclosures. The only injury alleged by plaintiff is confusion; specifically, plaintiff alleges that after signing the lease she was "confused as to certain of its provisions, including the total amount of money owed . . ., whether other charges may apply beyond her periodic payments . . ., and whether she had the option to purchase the leased property at the conclusion of the lease . . .." Cmp. ¶ 33. Plaintiff further alleges that confusion is exactly the type of harm sought to be addressed by the CLA and its implementing regulations. Cmp. ¶ 34.

Recently, the Supreme Court has held that "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement." *Spokeo, Inc. v. Robins*, 136

4

S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016); *see also Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 344 (4th Cir. 2017). An informational injury, as is alleged here,

> is a type of intangible injury that can constitute an Article III injury in fact. However, a statutory violation *alone* does not create a concrete informational injury sufficient to support standing. Rather, a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled *and* that the denial of that information creates a "real" harm with an adverse effect. . . . [A] plaintiff suffers a concrete informational injury where he is denied access to information required to be disclosed by statute, *and* he "suffers, by being denied access to that information, the type of harm *Congress sought to prevent* by requiring disclosure."

*Dreher*, 856 F.3d at 345-46 (internal citations omitted) (emphasis in original).

While plaintiff has sufficiently alleged that defendant committed a statutory violation in failing to segregate certain disclosures and failing to provide a lease substantially similar to the model form, plaintiff has failed to sufficiently allege that she has suffered harm as a result of defendant's alleged procedural violations. As plaintiff correctly argues, the type of harm Congress sought to prevent when enacting the TILA and the CLA was the deception, misinformation, and obliviousness to the true costs of credit or lease terms which had been encountered by inexperienced or uninformed consumers. *Thomka v. A. Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3d Cir. 1980). Plaintiff, however, does not allege that she was misinformed or deceived as to the terms of her lease with defendant, and plaintiff's allegation that she was confused as to certain lease terms is not the same as an allegation that she was oblivious as to the true cost of her lease transaction.

Plaintiff has further failed to allege that defendant's procedural violations had any adverse effect on her conduct in order to demonstrate an injury in fact. *See Dreher*, 856 F.3d at 346-47 (distinguishing cases in which informational injury affected a plaintiff's conduct). She has not alleged that she would have evaluated the terms of her lease differently, made a different choice had she been presented with additional information, or in any way behaved other than she

did had defendant not committed its alleged violations of the CLA. In sum, plaintiff has done no more than allege a bare procedural violation and she has failed to demonstrate the requisite injury in fact to confer Article III standing. Thus, although the TILA, and consequently the CLA, "is a remedial consumer protection statute that is read liberally to achieve its goals," *Phelps v. Robert Woodall Chevrolet, Inc.*, 306 F. Supp. 2d 593, 596 (W.D. Va. 2003), plaintiff's complaint in this instance is properly dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 13] is GRANTED and this action is DISMISSED in its entirety. The clerk is DIRECTED to close the file.

SO ORDERED, this 19 day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE